THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SHAWN SYVILLE, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered September 18, 1961 after a jury trial, convicting him of manslaughter in the first degree, and imposing sentence. Judgment affirmed. In our opinion, the evidence was sufficient to prove beyond a reasonable doubt that defendant was guilty of the crime of which he was convicted. At the trial the People called one eyewitness (Roman), but failed to call another eyewitness (Butler) even though he was present and available to be called by either the People or the defendant. The trial court ruled that, although neither side called Butler, no inference could be drawn by the jury that the testimony of Butler would be unfavorable to the People or to the defendant, since he was available to be called by either side. In our opinion, under the facts of this case, that ruling was correct because: (1) the trial Assistant Dis-

trict Attorney explained the People's refusal to call Butler, from which explanation it was apparent that at the time of the trial Butler, was a witness hostile to the prosecution; (2) Butler's testimony was merely cumulative, and the prosecution is not obliged to produce two eyewitnesses to the crime as long as it has produced one of them; and (3) on the eve of trial Butler had informed the trial Assistant District Attorney that if called as a witness at the trial, he (Butler) would repudiate his prior written statements to the police and his prior testimony before the Adolescents' Court and the Grand Jury (*People* v. *Elbroch,* 250 App. Div. 583; cf. *People* v. *Moore,* 17 A D 2d 57, cert. denied 371 U. S. 838). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur